UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARIO MARES VILLAGOMEZ,               )
                                      )
                Petitioner,           )
                                      )
        v.                            )       No. 2:26-cv-00370-SEB-KMB
                                      )
MARKWAYNE MULLIN Secretary, U.S       )
Department of Homeland Security, *et al.*, )
                                      )
                Respondents.          )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Mario Mares Villagomez is detained at the Clay County Jail on behalf of U.S. immigration authorities. Mr. Mares Villagomez asks the Court to order the respondents to release him from custody or grant him a bond hearing at which the government faces a specified burden of proof. Because this successive habeas petition re-raises an issue this Court adjudicated in a previous case, the Court dismisses his petition as an abuse of the writ.

**I. Facts**

Mr. Mares Villagomez filed a habeas petition in this Court in January 2026. He argued that his detention by immigration authorities was governed by 8 U.S.C. § 1226, that he was eligible for release on bond, and that his detention was unlawful because the government refused to consider bond. *Mares Villagomez v. Noem*, No. 1:26-cv-00089-SEB-KMB, dkt. 1 (S.D. Ind. Jan. 16, 2026).

The Court agreed. On January 27, the Court ordered the respondents to release Mr. Mares Villagomez or provide him "with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations." *Id.*, dkt. 9 at 7.

On February 19, Mr. Mares Villagomez filed a motion asking the Court to enforce its order. *Id.*, dkt. 12. The immigration court denied bond following a hearing on January 29. *Id.*, dkt. 15-1. Mr. Mares Villagomez argued in his motion to enforce that the immigration judge violated this Court's order and the Fifth Amendment's due process clause by placing the burden on Mr. Mares Villagomez to demonstrate that he did not present a flight risk or a danger to the community. *Id.*, dkt. 12.

On April 7, the Court denied Mr. Mares Villagomez's motion to enforce. In short, the Court found that Mr. Mares Villagomez could challenge his denial of bond through administrative proceedings, namely, an appeal to the Board of Immigration Appeals, and denied the motion because he failed to exhaust those remedies. *Id.*, dkt. 20.

Mr. Mares Villagomez filed this habeas action on May 26. Dkt. 2. He asserts that he is unlawfully detained because the immigration judge deprived him of due process during the January 29 bond hearing. Dkts. 2, 2-1. As in his previous motion to enforce, Mr. Mares Villagomez argues that the immigration judge denied him due process by fixing him with the burden to prove that he was not a flight risk or a danger to the community. Dkt. 2 ¶ 34.

## II. Legal Standard

"*Res judicata* does not apply to habeas corpus. . . . Its place is taken by the concept of abuse of the writ." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). The abuse of the writ doctrine bars a successive § 2241 petition "unless the law [has] changed or new facts [have] come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009) (unpublished). It also "prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). There is a "presumption against habeas adjudication . . . of claims defaulted in the first round of federal habeas." *Id.*

### III. Analysis

The respondents ask this Court to dismiss Mr. Mares Villagomez's second petition as an abuse of the writ. Dkt. 8 at 3–4. They correctly argue that Mr. Mares Villagomez asks the Court to grant the same relief, and on the same grounds, as in his motion to enforce the original writ of habeas corpus.

Inexplicably, Mr. Mares Villagomez does not respond to this argument. He does not address the abuse of the writ doctrine. He does not acknowledge the motion to enforce in his petition or his reply.

Mr. Mares Villagomez asserts in his reply that this petition differs from the original because it follows the bond hearing and concerns the due process he was afforded (or denied) in that hearing. Dkt. 12 at 2. True enough. But that is precisely the issue he presented to this Court in his motion to enforce, and it is precisely the issue the Court addressed when it denied that motion. He has not been denied bond a second time. No new facts have come to light. And the cases Mr. Mares Villagomez cites in support of his burden-of-proof argument all bear dates from 2025 or earlier, so he does not rely on a material change in the law.

In short, the Court has already adjudicated the claim Mr. Mares Villagomez presents in his successive petition. Rather than exhaust the administrative remedies that were the basis for the Court's previous order, Mr. Mares Villagomez chose to file a new case and hope for a different result. That is an abuse of the writ.

## IV. Conclusion

This case is **dismissed** as an abuse of the writ. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date:   6/11/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrea Ochoa
aochoa@krilaw.com

Nicole Provax
Kriezelman Burton & Associates
nprovax@krilaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov